RECEIVED
USDC, CLERK, CHARLESTON, SC

2008 FEB 29  A 10: 50

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Randy Drummond, #160950,           )      C. A. No. 2:07-3031-TLW-RSC
                                   )
              Petitioner,          )
                                   )
          -versus-                 )      **REPORT AND RECOMMENDATION**
                                   )
State of South Carolina; and       )
Tim Riley, Warden of Tyger         )
River Correctional                 )
Institution,                       )
                                   )
              Respondents.         )

This habeas corpus petition under 28 U.S.C. § 2254 brought
by a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> is
before the undersigned United States Magistrate Judge for a
report and recommendation on the petitioner's motion for summary
judgment filed November 9, 2007 (Doc. #22), petitioner's motion
to amend/correct motion for summary judgment filed December 7,
2007 (Doc. #28), and respondents' summary judgment motion filed
on December 27, 2007 (Doc. #31).  28 U.S.C. § 636(b).

### PROCEDURAL HISTORY

The petitioner, Randy Drummond, is presently confined to
Tyger River Correctional Institution pursuant to Orders of
Commitment from the Clerk of Court from Greenville County.  At
the October 2003 term, the Greenville County Grand Jury indicted
Petitioner for grand larceny (03-GS-23-7486) and failure to stop
for a blue light with great bodily injury (03-GS-23-9072).  (PCR

1

App. 105-06; 108-09).

Petitioner was represented at the trial level by Bill Godfrey, Esquire.  On November 1, 2004, Petitioner pled guilty before the Honorable J. C. Nicholson, Jr.  In return for the plea, the prosecution recommended concurrent eight (8) year terms of imprisonment, and dismissed charges of second degree burglary, receiving stolen goods, and possession of a stolen vehicle.  (PCR App. 25-26; 31).  Judge Nicholson accepted the recommendation and sentenced Petitioner to concurrent terms of eight years apiece on the two remaining charges.  (PCR App. 48; 104; 107).

Petitioner did not have a direct appeal from his convictions and sentences, but did file a pro se Application for Post-Conviction Relief on December 23, 2004, (04-CP-23-8425), in which he asserted the following grounds for relief:

> 1.    Indictment No.# 007485 and 009072 are invalid and impermissibly.
>
> 2.    State applied enhancement improperly toward Defendant see plea agreement.
>
> 3.    State violated defendant do [sic] process right's to fair and speedy trial.

(PCR App. 51).  The State filed a Return dated February 3, 2005.  (PCR App. 57).

An evidentiary hearing in Petitioner's PCR was held before the Honorable Larry R. Patterson on September 14, 2005.  (PCR App. 62).  Petitioner was present and represented by counsel Dorothy Manigault, Esquire.  Petitioner called himself to

2

testify; the State called trial counsel Godfrey.   On January 23,
2006, Judge Patterson issued an Order vacating the conviction and
sentence for grand larceny, but rejecting Petitioner's other
claims.   (PCR App. 101).

Both Petitioner and the State filed timely notices of appeal
from Judge Patterson's PCR Order with the South Carolina Supreme
Court.   Assistant Deputy Appellate Defender Wanda H. Carter, of
the South Carolina Office of Appellate Defense, was appointed to
represent Petitioner in his PCR appeal.   The State filed a
Petition for Writ of Certiorari on May 15, 2006, in which it
raised the following issues

> Did the PCR judge err in vacating the grand
> larceny sentence after finding the sentencing
> portion of the guilty plea was improper?

Petitioner filed a Return to the State's Petition for Writ of
Certiorari on September 8, 2006.   That same day, Petitioner also
filed his own Petition for Writ of Certiorari, in which he
raised the following issues:

> Did trial counsel err in failing to advise
> petitioner that this grand larceny of charge in
> question would constitute a third or greater
> offense therein exposing him to liability under
> S. C. Code Ann § 16-1-57?

The State filed its Return to Petitioner's Petition for Writ of
Certiorari on October 18, 2006.   Petitioner also filed a pro se
"Motion to Suspend/Hold in Abeyance the Above-Captioned Case"
dated December 19, 2006.

3

On February 1, 2007, the South Carolina Supreme Court issued an Order in which it granted the State's Petition for Writ of Certiorari, but denied Petitioner's petition as well as his <u>pro se</u> motion.  Petitioner filed a "Motion for Rehearing Pursuant of SCACR Rule 2240)", dated February 1, 2007, which the state supreme court denied by Order of May 23, 2007.  Petitioner filed a <u>pro se</u> Petition for Writ of Mandamus and Amended Petition for Writ of Mandamus, which the state supreme court denied by order dated April 18, 2007.  In response to further filings of Petitioner, the clerk of the state supreme court advised Petitioner by letter dated July 27, 2007, that <u>pro se</u> filings would not be considered since Petitioner was represented by counsel.

Meanwhile, the State filed its Brief of Petitioner on February 9, 2007, and Petitioner through Attorney Carter filed the Brief of Respondent on April 6, 2007.  On October 22, 2007, the state supreme court issued a decision in which it reversed Judge Patterson and reinstated the grand larceny conviction.  <u>Drummond v. State</u>, 2007-MO-060 (S.C. 2007).

While Petitioner's first PCR appeal was pending, he filed a second <u>pro se</u> PCR action on on May 28, 2006, (05-CP-23-2038) ("APCR2"), in which he asserted the following issues:

> a.   citing the authority of <u>Illinois V. Vitale</u>,
> Applicants guarnteed [sic] protection under U.S.C.
> A. Const 5, Amend double jeopardy Multiply
> punishment Clauses has been infringe;

4

Applicant has received multipy [sic] punishment in successive proceeding that was base upon evidence which had arise from conduct of continuous transaction. See attach Exhibits (G), (I). with attach Affidavit.

b.    Citing the authority of State v. Carter, Applicants 11/4/04 conviction of Indictment No. 009072, was bared by former double jeopardy.

The proceeding of 11/4/04 conviction of Indictment No. 0079072, used adjudicated evidenc [sic] of 10/9/03 conviction of, Citation A255371, proceeding.

c.    Citing the authority of Jivers v. State.  The above said alleged infringement of U.S.C.A Const 5, Amend double jeopardy clauses is base upon Ineffective Assistance of Counselling. [sic]

d.    Trial counsel knew of or, should have known Of [sic] the existence of attachment mark as EXHIBIT (G), wiht its refence [sic] to Indictment No. 009072.

The State filed a Return and Motion to Dismiss dated May 5, 2006.

A Conditional Order of Dismissal was filed by the Honorable G. Edward Welmaker on May 11, 2006.  Petitioner filed a "Motion of Objection Regarding Dismissal of PCR Application", dated March 30, 2006 and "Motion for Production of City Magistrate Court Transcribe Proceeding of Citation A255371", dated June 21, 2006. On July 6, 2006, Judge Welmaker entered a Final Order in which he found the APCR2 should be dismissed since the first PCR appeal was pending and the APCR2 was time-barred in any event.  Judge Welmaker specifically rejected Petitioner's claims of after-discovered evidence.

Petitioner then filed a "Motion for Reconsideration of

5

Dismissal of PCR Application/Request that Records be Corrected", dated July 17, 2006. The State filed a Return to this motion dated August 1, 2006. Judge Welmaker denied this latest motion by form order dated July 26, 2006.

Petitioner filed a pro se notice of appeal from Judge Welmaker's Order on August 28, 2006. Petitioner also included his "Petitioner's Reason for Appealing Pursuant to Rule 227(c), SCACR". However, the state supreme court dismissed the APCR2 appeal on September 19, 2006, finding Petitioner failed to show an arguable basis on under Rule 227, SCACR. The Remittitur was sent down on October 5, 2006. Attached herewith and incorporated herein by reference are the following documents from the state court record:

1. The Appendix to the May 15, 2006, Petition for Writ of Certiorari (including Index; Plea Transcript; Application for Post-Conviction Relief; Return; Transcript of Post-Conviction Relief Hearing; Post-Conviction Relief Order; Clerk of Court Records; S.C.D.C Records);

2. The January 31, 2006, Notice of Appeal;

3. The February 2, 2006, Notice of Appeal;

4. The March 28, 2006 Application for Post-Conviction Relief;

5. The May 5, 2006, Return and Motion to Dismiss;

6. The May 11, 2006, Conditional Order of Dismissal;

7. The May 15, 2006, Petition for Writ of Certiorari;

8.    The May 30, 2006, Motion of Objection Regarding Dismissal of (PCR) Application;

9.    The June 21, 2006, Motion for the Production of City Magistrate Court Transcribe Proceedings of Citation A255371;

10.  The July 6, 2006, Final Order;

11.  The July 19, 2006, Motion for Reconsideration of Dismissal of (PCR) Application/Request that Records be Corrected;

12.  The July 20, 2006, Return and Motion to Alter or Amend the Order of Dismissal;

13.  The August 28, 2006 Notice of Appeal;

14.  The September 8, 2006 Petition for Writ of Certiorari on behalf of Respondent/Petitioner;

15.  The September 8, 2006, Return to Petition for Writ of Certiorari on behalf of Respondent/ Petitioner;

16.  The September 19, 2006, South Carolina Supreme Court Order (dismissing Matter);

17.  The October 5, 2006, Remittitur;

18.  The October 18, 2006, Return to the Respondent/Petitioner's Petition for Writ of Certiorari;

19.  The November 14, 2006, Key V. Currie Order;

20.  The December 19, 2006 Motion to Suspend/Hold in Abeyance the above Caption Case;

21.  The February 1, 2007, Supreme Court of South Carolina Order (Drummond's petition denied, State's petition is granted);

22.  The February 9, 2007, Brief of Petitioner;

23.  The February 9, 2007, Motion for Rehearing;

24.  The April 16, 2007, Brief of Respondent;

25.  The April 18,2007, South Carolina Supreme Court Order (Petition for Writ of Mandamus is denied);

26.  The May 23, 2007; South Carolina Supreme Court Order (Petition for Rehearing is denied);

27.  The July 27, 2007, letter from South Carolina Supreme Court (no action on pro-se documents, represented by counsel);
28.  The September 20, 2007, Opinion of the South Carolina Supreme Court;

29.  The October 16, 2007, Extraordinary Writ of Habeas Corpus;

30.  The November 9, 2007, Remittitur;

31. The November 29, 2007, letter from the Honorable Diane D. Cagle (transcript does not exist).

### GROUNDS FOR RELIEF

In his <u>pro</u> <u>se</u> Petition for Writ of Habeas Corpus, Petitioner makes the following claims:

A.    <u>Ground One</u>:

Petitioner's rights under due process clause has been violated.  Thus by trying Petitioner in multiple proceeding.

B.    <u>Ground Two</u>:

The State of South Carolina applied excessive punishment in regards of conviction of Indictment No. (2003-GS-23-07486).

C.    <u>Ground Three</u>:

The State of South Carolina has infringe Petitioner's right to protection under Double Jeopardy clause of U.S. Constitution.

D.    <u>Ground Four</u>:

Petitioner was denied the right to assistance of trial counsel.

E.  Ground Five:

Court appointed Appellate Counsel has render ineffective assistance of counsel. Where counsel has submitted initial brief and final brief on behalf of petitioner briefs State's highest Court Forwhich is contrary and inconsistint with Petitioner's former request for appeal of (PCR) court denial of relief in regards of conviction of indictment no. (2003-GS-23-04072) failure to stop for blue light w/gbi. (sic).

The petitioner was provided a copy of the respondents' summary judgment motion on January 2, 2008, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner responded to the motion on January 4, 2008. The parties have also responded to all other motions. Hence it appears consideration of the motion is appropriate.

## APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action filed in 2007. Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

9

adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The Supreme Court expounded upon this language in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000). Writing for the majority with respect to this matter, Justice O'Connor stated that a state court's decision can be contrary to the Supreme Court's precedent in two ways: first, "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law. Second, a state-court decision is also contrary to the Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" that of the Supreme Court. <u>Id</u>. at 1519.

Justice O'Connor further stated that "[t]he text of § 2254(d)(1) ... suggests that the state court's decision must be

substantially different from the relevant precedent of the Court." Id. She added that a "state-court decision will also be contrary to the Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court precedent." Id. at 1519-20. Even if "the federal court considering the prisoner's habeas application might reach a different result applying" relevant Supreme Court precedent, so long as the state court applied the correct legal rule from Supreme Court cases, such a "run-of-the-mill" state court decision could not be deemed "contrary to" Supreme Court precedent. Id. at 1520.

As for the "unreasonable application" prong of § 2254(d)(1), Justice O'Connor stated that a state court decision involves an unreasonable application of the Court's precedent if "the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of the Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. Justice O'Connor added that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then,

11

a federal habeas court may not issue the writ simply because that
court concludes in its independent judgment that the relevant
state-court decision applied clearly established federal law
erroneously or incorrectly.  Rather, that application must also
be unreasonable."  Id. at 1522.  In making the "unreasonable
application" inquiry, "a federal habeas court ... should ask
whether the state court's application of clearly established
federal law was objectively unreasonable."  Id. at 1521.

In another change brought by the AEDPA, 28 U.S.C. §
2254(e)(1) now states that "a determination of a factual issue
made by a State court shall be presumed to be correct.  The
applicant shall have the burden of rebutting the presumption of
correctness by clear and convincing evidence. ... The touchstone
for a reasonable determination is 'whether the determination is
at least minimally consistent with the facts and circumstances of
the case.'"  Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir.),
cert. denied, 522 U.S. 819 (1997).

## THE HABEAS CORPUS EXHAUSTION REQUIREMENT

Relief under Section 2254 may be had only after a habeas
petitioner has exhausted his state court remedies:  "It is the
rule in this country that assertions of error in criminal
proceedings must first be raised in state court in order to form
the basis for relief in habeas corpus.  Claims not so raised are
considered defaulted."  Breard v. Green, 523 U.S. 371, 375, 118

12

S.Ct. 1352 (1998), citing Wainwright v. Sykes, 433 U.S. 72, 97
S.Ct. 2497 (1977); see also, 28 U.S.C. § 2254(b).  The theory of
exhaustion is based on 28 U.S.C. § 2254, which gives the federal
court jurisdiction of habeas petitions.  See generally,
O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, (1999).
The court's exhaustion requirements under § 2254 are explained in
Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir.), cert.
denied, 522 U.S. 833, 118 S.Ct. 102 (1997).  In the interest of
giving state courts the first opportunity to consider alleged
constitutional errors occurring in a defendant's state trial and
sentencing, a § 2254 petitioner is required to "exhaust" all
state court remedies before a federal district court can
entertain his claims.  Thus, a federal habeas court may consider
only those issues which have been properly presented to the
highest state courts with jurisdiction to decide them.  The
burden of proving that a claim has been exhausted lies with the
petitioner.  The exhaustion requirement, though not
jurisdictional, is strictly enforced.  (Citations omitted).

     Additionally, a claim has not been exhausted unless the
substance of a petitioner's claim is "fairly presented" to the
state courts.  The Matthews court explained, "[t]he ground relied
upon must be presented face-up and squarely; the federal question
must be plainly defined.  Oblique references which hint that a
theory may be lurking in the woodwork will not suffice.  In other

13

words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d at 911.

In order to exhaust his collateral claims in state court, a South Carolina habeas corpus petitioner must pursue a direct appeal and/or file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 - 160. As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

Petitioner here did not have a direct appeal. Petitioner did have a full round of PCR proceedings. His PCR application was granted in part and denied in part at the trial court level, and the South Carolina Supreme Court reversed the PCR court on the relief which was granted and affirmed the PCR court on the relief which was denied. Thus, he has exhausted all available remedies in the state courts; has no remaining state remedies which can be pursued.

### PROCEDURAL DEFAULT

When a federal habeas petitioner has failed to raise a claim

14

at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural default of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. See, e.g., Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661 (1986).

Procedural default can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Furthermore, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. A petitioner must also raise all grounds raised but denied at the PCR hearing level in his subsequent petition to the South Carolina Supreme Court for a writ of certiorari from the denial of PCR if he is to preserve them for consideration here.

### THE RELATIONSHIP BETWEEN EXHAUSTION AND PROCEDURAL DEFAULT

If a petitioner in federal court has failed to raise a claim in state court at the appropriate juncture, and is precluded by state rules from returning to state court to raise the issue, he

15

has procedurally bypassed (or defaulted) his opportunity for relief in the state courts. Under these circumstances, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833, 118 S.Ct. 102 (1997), citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546 (1991); Teague v. Lane, 489 U.S. 288, 297-98, 109 S.Ct. 1060 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague v. Lane, 489 U.S. at 297-98.

### EXCUSING PROCEDURAL DEFAULT

Notwithstanding the foregoing, the requirement of exhaustion is not jurisdictional, and a federal court may consider claims which have not been presented to the highest South Carolina court with jurisdiction to hear the claim in very limited circumstances. Cranberry v. Greer, 481 U.S. 129, 131, 107 S.Ct. 1671 (1989). A federal court will review a procedurally defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice therefrom, or his actual innocence of the crimes for which he is being held. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991). In this context, "cause" is defined as "some objective factor external to the

16

defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24, 119 S.Ct. 1936 (1999), quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Moreover, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Next, with respect to establishing "actual prejudice," a petitioner generally must show some error. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054, 121 S.Ct. 661 (2000). In addition, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm, to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), aff'd, 521 U.S. 151, 117 S.Ct. 1969 (1997). To prevail under this theory, a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). A

petitioner may establish actual innocence as to his guilt, Id.,
or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir.
1997). It is a habeas petitioner's burden to raise cause and
prejudice or actual innocence; if these are not raised by
petitioner, the court need not consider the defaulted claim.
Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied,
517 U.S. 1171, 116 S.Ct. 1575 (1996).

### DISCUSSION

A review of the record and relevant case law reveals that
petition should be denied. The petitioner's grounds for relief
will be reviewed seriatim.

In his first ground for relief, Petitioner asserted that,
"Petitioner's rights under due process clause has been violated.
Thus by trying Petitioner in multiple proceeding." Petitioner
contends his due process rights were violated "by trying
Petitioner in multiple proceedings", apparently because he was
tried for failure to stop for a blue light with great bodily
injury, grand larceny, and reckless driving. Petitioner pled
guilty to the failure to stop with great bodily injury
and grand larceny pursuant to a plea agreement that dismissed a
number of charges and recommended concurrent sentences of eight
(8) years on each charge. He was also tried in his absence and
convicted in a magistrate's court bench trial of reckless

18

driving[1].  It appears that Petitioner alleges that his
prosecution for these multiple offenses denied him due process.
In his "Motion to Amend", Petitioner states he could not have
been convicted of the failure to stop offense and the reckless
driving without violating due process and the double jeopardy
clause.

      This claim is procedurally barred from review on the merits
in federal habeas corpus.  To exhaust state remedies, a habeas
petitioner must present the substance of his claims to the
state's highest court. See, e.g. Matthews v. Evatt, 105 F.3d 907,
911 (4th Cir. 1997).  Claims not presented to a state's highest
court may be treated as exhausted if it is clear that the claims
would be procedurally defaulted under state law if the petitioner
attempted to raise them now. Williams v. Taylor, 163 F.3d 860,
872 (4th Cir. 1998) (quoting Coleman v. Thomson, 501 U.S. 722
(1991); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

      Petitioner did have a direct appeal and he made no objection
to the plea court to preserve this issue even if he had sought a
direct appeal.  Since Petitioner did not raise this claim in
direct appeal in state court where it should have been presented,

---

[1] This was Violation Number A255371, for which Petitioner
received a $150 fine.  This court granted Petitioner's motion for
discovery of this proceeding However, Magistrate Diane D. Cagle
has responded by letter that since the case is over 90 days old,
her office would have no records other than the case history.
Magistrate Cagle notes that no transcript of the proceedings is
available.

19

then the claim is procedurally barred from review here.  Further,
Petitioner has not demonstrated cause for the default and
prejudice therefrom, and he has not shown that he is actually
innocent of the crimes to which he pled guilty.  He is not
entitled to habeas relief on his first ground.

Petitioner's second ground for relief is as follows: "The
State of South Carolina applied excessive punishment in regards
of conviction of Indictment No. (2003-GS-23-07486)."  In this
ground Petitioner contends he received excessive punishment for
grand larceny, inasmuch as he contends he only pled guilty to
grand larceny $5000 or less, for which the maximum is five
(5) years.  At the PCR hearing, Petitioner admitted the plea
agreement to grand larceny was for eight years, but complained
that the lesser version of grand larceny was on the sentencing
sheet he signed, and asserted his counsel coerced him into taking
the greater sentence rather than seeking the lesser sentence of
five (5) years. (PCR App. 10-15).

Plaintiff's guilty plea counsel testified that well before
the plea he and Petitioner discussed that the T.V. which had been
stolen was worth $6000, and that Petitioner knew the value of the
grand larceny put it in the over $5000 sentencing category. (PCR
App. 28-300.  However, counsel stated that after reviewing the
code section mentioned on the sentencing sheet, in his opinion
Petitioner was correct and he should not have received more than

20

five years. (PCR App. 32).  The PCR court agreed and vacated the

grand larceny conviction. (PCR App. 35-38).  However, on PCR

appeal, the South Carolina Supreme Court reversed the PCR judge

and reinstated the grand larceny conviction and sentence.  The

court found that the indictment itself was sufficient to place

Petitioner on notice of the crime alleged, and that the error on

the sentencing sheet was inconsequential as under state law it is

not part of the indictment and does not affect the nature of the

offense charged. <u>Drummond v. State</u>, 2007-MO-060 (S.C. 2007).

This ground for relief presents a matter of state law and

therefore is not cognizable under 28 U.S.C. § 2254.  The state

supreme court has already held as a matter of state law that the

indictment was sufficient and that under South Carolina state law

a scriviner's error on the sentencing sheet does not affect the

validity of the underlying charge.  These determinations of state

law by the state's highest court cannot be challenged by way of a

petition for a writ of habeas corpus in federal court. See <u>Wright</u>

<u>v. Angelone</u>, 151 F.3d 151 (4th Cir. 1998) (citing <u>Wills v.</u>

<u>Egeler</u>, 532 F.2d 1058, 1059 (6th Cir. 1976), ("[d]etermination of

whether a state court is vested with jurisdiction under state law

is a function of the state courts, not the federal judiciary")).

See also <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("It is

not the province of a federal habeas corpus court to reexamine

state-court determinations on state-law questions.").  Petitioner

21

is not entitled to relief on his second ground.

Petitioner's third ground for relief is: "The State of South Carolina has infringe Petitioner's right to protection under Double Jeopardy clause of U.S. Constitution."  Petitioner raises this double jeopardy claim with regard to the citation for reckless driving and the plea to failure to stop.  He is not entitled to relief here for the same reasons he is not entitled to relief in his first ground.  He defaulted the claim by not preserving it and properly appealing his conviction to the South Carolina Supreme Court.  The issue is procedurally barred from review on the merits in habeas corpus.

Petitioner's fourth ground for relief is as follows: "Petitioner was denied the right to assistance of trial counsel." Petitioner contends his counsel was ineffective for failing to assert the double jeopardy, due process, and excessive punishment grounds asserted in the previous three grounds.

The double jeopardy and due process grounds are procedurally barred for the reasons given in Grounds One and Three, supra, as they were not properly asserted to the state supreme court in a procedurally viable manner.

Further, since the South Carolina Supreme Court denied relief on the excessive punishment claim, counsel could not have been constitutionally ineffective. See <u>Hough v. Anderson</u>, 272 F.3d 878 (7th Cir. 2001) (ineffective assistance claims based on

failure to object is tied to the admissibility of the underlying evidence; if evidence admitted without objection was admissible, then the complaint fails both prongs of the <u>Strickland v. Washington</u> test, as it was neither deficient nor prejudicial). Petitioner is not entitled to relief on his fourth ground.

Petitioner's fifth and final ground for relief is as follows: "Court appointed Appellate Counsel has rendered ineffective assistance of counsel. Where counsel has submitted initial brief and final brief on behalf of petitioner briefs State's highest Court Forwhich [sic] is contrary and inconsistint [sic] with Petitioner's former request for appeal of (PCR) court denial of relief in regards of conviction of indictment no. (2003-GS-23-04072) failure to stop for blue light w/gbi."

In this ground the petitioner contends his PCR appellate counsel was ineffective for refusing to assert the double jeopardy and due process claims related to the citation for reckless driving in his petition for a writ of certiorari following his PCR.  This claim is not cognizable in federal habeas corpus.  There is no constitutional right to effective assistance of counsel in state post-conviction proceedings. See generally, <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987); <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991); <u>Mackall v. Angelone</u>, 131 F.3d 442 (4th Cir. 1997).  Petitioner has not stated a claim for which habeas relief may be granted and it should be dismissed

on that basis.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion for summary judgment be granted, all other motions be denied, and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

February **27**, 2008

24

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

6