IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Drummond, #160950, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:2:07-3031-TLW-RSC |
| | ) | |
| State of South Carolina; and Tim Riley, | ) | |
| Warden of Tyger River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

On September 10, 2007, the petitioner, Randy Drummond, ("petitioner") proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. (Doc. #1) (amended petition, Doc. #13). The case was automatically referred to Magistrate Judge Robert S. Carr, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. The respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on December 27, 2007. (Doc. #31). On January 2, 2008, Magistrate Judge Carr issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of his responsibility to properly respond to the motion for summary judgment. (Doc. #34). Petitioner filed a response on January 4, 2008. (Doc. #37).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Robert S. Carr, to whom this case had previously been assigned. (Doc. #41). In the Report, Magistrate Judge Carr recommends that

1

"respondents' motion for summary judgment be GRANTED  and the petitioner's petition for Writ

of Habeas Corpus denied, and this petition dismissed."  (Doc. #41).  The petitioner has filed

objections to the Report (Doc. #44) along with a supplement.  (Doc. #46).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party
> may file written objections...The Court is not bound by the recommendation of the
> magistrate judge but, instead, retains responsibility for the final determination.  The
> Court is required to make a *de novo* determination of those portions of the report or
> specified findings or recommendation as to which an objection is made. However,
> the Court is not required to review, under a *de novo* or any other standard, the factual
> or legal conclusions of the magistrate judge as to those portions of the Report and
> Recommendation to which no objections are addressed.  While the level of scrutiny
> entailed by the Court's review of the Report thus depends on whether or not
> objections have been filed, in either case, the Court is free, after review, to accept,
> reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations

omitted).  In light of this standard, the Court has reviewed the Report.  After careful review of the

Report and objections thereto, the Court **ACCEPTS** the Report.  (Doc. #41).  Therefore, for the

reasons articulated by the Magistrate Judge, it is **ORDERED** that respondents' motion for summary

judgment be **GRANTED** (Doc. #31) and the petitioner's complaint **DISMISSED**.  (Doc. #1 and

#13).[1]

**IT IS SO ORDERED**.

s/Terry L. Wooten

Terry L. Wooten
United States District Judge

August 18, 2008
Florence, South Carolina

_____

[1]The Court notes that all other motions are **Denied**.

2