IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Randy Drummond, #160950, ) | C/A No. 2:07-cv-3031-TLW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| State of South Carolina; and Tim Riley, Warden of ) | |
| Tyger River Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

By Order filed August 18, 2008, the undersigned granted summary judgment in favor of the respondents. (Doc. #48). The petitioner, Randy Drummond, ("petitioner") filed a motion to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. #51).

Rule 59(e) of the Federal Rules of Civil Procedure provides that:

Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th

1

Cir. 1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

Based upon the undersigned's review of the record in this case, the undersigned concludes that no legally sufficient basis exists to alter or amend this Court's Order granting summary judgment in favor the respondents. In particular, the petitioner fails to: show any intervening change in controlling law; account for any new evidence; or show clear error of law or manifest injustice. Therefore, petitioner's motion to alter or amend judgment is **DENIED**. (Doc. #51).

**IT IS SO ORDERED.**

S/Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT COURT JUDGE**

September 4, 2008
Florence, South Carolina